IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ETHAN VANDERSAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3292 |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Wal-Mart Stores, Inc.'s (Wal-Mart) Motion to Dismiss Complaint or Stay Proceedings (d/e 6).  Plaintiff Ethan Vandersand is a pharmacist who worked in a Wal-Mart pharmacy in Beardstown, Illinois.  Wal-Mart placed him on leave without pay because he refused to dispense certain contraceptives commonly referred to as "the morning after pill," "Plan B" or "emergency contraceptives" (hereinafter "Emergency Contraceptives").  Vandersand alleges that this adverse employment action against him constitutes religious discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII).  42 U.S.C. § 2000e et seq. (Count I).  Vandersand also alleges that

1

this action constitutes discrimination in violation of the Illinois Health Care Right of Conscience Act (Right of Conscience Act). 745 ILCS 70/1 et seq.

Wal-Mart asks the Court to dismiss the claims because it was only complying with a new state regulation (Rule) that requires Division I pharmacies to dispense Emergency Contraceptives without delay. 68 Ill. Adm. Code § 1330.91(j). Wal-Mart also argues that pharmacists are not covered by the Right of Conscience Act. For the reasons set forth below, the Motion is denied. Vandersand states a claim for religious discrimination under Title VII. Vandersand also is covered by the plain language of the Right of Conscience Act, and so he states a claim in Count II, also.

## STATEMENT OF FACTS

For purposes of the Motion, the Court must accept as true all of well-pleaded factual allegations in the Complaint and draw all inferences in the light most favorable to Vandersand. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Court may also consider matters of which the Court can take judicial notice, such as public records. Menominee Indian Tribe of Wisconsin v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998). The Court should only grant the Motion to Dismiss if it

appears beyond doubt that Vandersand can prove no set of facts that would entitle him to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

According to the Complaint, Vandersand is a licensed pharmacist. He worked at Wal-Mart's retail pharmacy in Beardstown, Illinois (the "Pharmacy"). The Pharmacy is classified in Illinois as a "Division I" pharmacy. Division I pharmacies are pharmacies that engage in general community pharmacy practice and that are open to, or offer pharmacy services to, the general public. 68 Ill. Admin. Code § 1330.5.

On April 1, 2005, Illinois promulgated an Emergency Amendment to § 1330.91 of Title 68 of the Illinois Administrative Code. The Emergency Amendment became permanent in the form of a rule on August 25, 2005. The Rule states:

> j) Duty of Division I Pharmacy to Dispense Contraceptives
>
> 1) Upon receipt of a valid, lawful prescription for a contraceptive, a pharmacy must dispense the contraceptive, or a suitable alternative permitted by the prescriber, to the patient or the patient's agent without delay, consistent with the normal timeframe for filling any other prescription. If the contraceptive, or a suitable alternative, is not in stock, the pharmacy must obtain the contraceptive under the pharmacy's standard procedures for ordering contraceptive drugs not in stock, including the

procedures of any entity that is affiliated with, owns, or franchises the pharmacy. However, if the patient prefers, the prescription must be transferred to a local pharmacy of the patient's choice under the pharmacy's standard procedures for transferring prescriptions for contraceptive drugs, including the procedures of any entity that is affiliated with, owns, or franchises the pharmacy. Under any circumstances an unfilled prescription for contraceptive drugs must be returned to the patient if the patient so directs.

2)   For the purposes of this subsection (j), the term "contraceptive" shall refer to all FDA-approved drugs or devices that prevent pregnancy.

3)   Nothing in this subsection (j) shall interfere with a pharmacist's screening for potential drug therapy problems due to therapeutic duplication, drug-disease contraindications, drug-drug interactions (including serious interactions with nonprescription or over-the-counter drugs), drug-food interactions, incorrect drug dosage and duration of drug treatment, drug-allergy interactions, or clinical abuse or misuse, pursuant to 225 ILCS 85/3(q).

68 Ill. Admin. Code § 1330.91(j).  As quoted above, the term "contraceptives" in the Rule includes all FDA-approved contraceptives, which includes Emergency Contraceptives.

On February 2, 2006, Vandersand was working at the Pharmacy. At about 10:30 a.m., the Pharmacy received a telephone call from a woman who identified herself as a nurse practitioner with Planned Parenthood in

4

Springfield, Illinois. The caller asked Vandersand if he would dispense Emergency Contraceptives. Vandersand told her that he would not. Upon the caller's request, Vandersand gave the caller his name.

A few minutes after the initial phone call, the same individual called the Pharmacy again asking if there were any other pharmacies in town. Vandersand gave the caller the name and telephone number of another pharmacy located in Beardstown. The caller informed Vandersand that one of her patients might be coming to the Pharmacy. The caller asked Vandersand to tell this patient to call the caller if she came to the Pharmacy. Vandersand agreed to do so. The caller gave Vandersand a phone number to give to the patient.

Approximately one hour later, the Pharmacy received a telephone call from a person who identified herself as the patient of the nurse practitioner who had previously called. Vandersand did not speak to the patient caller. Rather, the Pharmacy technician gave the patient caller the telephone number that the nurse practitioner had left with Vandersand. The patient caller did not present a prescription for Emergency Contraceptives or request emergency contraceptives.

The Complaint alleges that Vandersand refused to dispense

5

Emergency Contraceptives based on his scientific understanding that those drugs or combination of drugs act with a significant abortifacient mechanism in a manner and to a degree that ordinary birth control drugs do not. As such, Vandersand alleges that he believes that those drugs have a high probability of terminating a developing human life. Vandersand believes, as a matter of his religious faith, that he is forbidden from directly or indirectly participating in causing the death of an innocent human life. Because of these religious beliefs, Vandersand alleges that he cannot dispense Emergency Contraceptives. Vandersand alleges that Wal-Mart, at all times, knew that his actions were dictated by his religious beliefs and conscientious convictions.

Shortly after the February 2, 2006, incident, Vandersand informed his supervisor of what had occurred. Vandersand believes that the nurse practitioner lodged a complaint against him with the Illinois Department of Financial and Professional Regulation (Department) for violation of the Rule. Wal-Mart was also informed of the filing of the complaint with the Department.

Vandersand alleges that Wal-Mart informed Vandersand that he had violated the Rule based on his religious beliefs. Wal-Mart gave Vandersand

6

two options: he could be terminated immediately or could be placed on an unpaid leave of absence. He elected the unpaid leave of absence. He alleges that he was still on the unpaid leave of absence at the time that he filed this Complaint. He alleges that, as a result of Wal-Mart's actions, he has suffered losses of income and benefits, and significant emotional distress.

Vandersand alleges in Count I that his placement on unpaid leave violates Title VII's prohibition against discrimination based on religion. He alleges in Count II that Wal-Mart's actions violated the Right of Conscience Act. Wal-Mart now moves to dismiss.

## ANALYSIS

A.  TITLE VII

Vandersand states a Title VII claim for religious discrimination. Title VII prohibits employment discrimination based on religion. 42 U.S.C. § 2000e-2(a)(1). Religion means "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). An undue hardship is anything that imposes more than a de minimus burden on the employer. Reed v. Great

7

Lakes Companies, Inc., 330 F.3d 931, 935 (7th Cir. 2003).

To state a claim for religious discrimination, Vandersand must allege that: (1) he engages in of a religious observance or practice that conflicts with an employment requirement; (2) he called the religious observance or practice to the attention of his employer; and (3) the religious observance or practice was the basis for the employer's adverse employment action against him. E.E.O.C. v. Ilona of Hungary, Inc., 108 F.3d 1569, 1575 (7th Cir. 1997). Vandersand alleges these elements. He alleges that his opposition to Emergency Contraceptives is part of his religious beliefs. He alleges that Wal-Mart knew that he refused to dispense Emergency Contraceptives because of his religious beliefs. He alleges that Wal-Mart subjected him to an adverse employment action because of his religious beliefs. He states a claim.

Wal-Mart argues that it cannot be liable as a matter of law because it was only complying with the Rule. Wal-Mart relies on two cases in which a prospective employer refused to hire an applicant because the applicant would not give the employer his Social Security number because of his religious beliefs. Seaworth v. Pearson, 203 F.3d 1056, 1057 (8th Cir. 2000); Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 830-31 (9th

Cir. 1999). Federal law requires each employee to provide his employer with a Social Security number. Thus, the employers were prohibited by federal law from hiring an applicant who refused to provide his Social Security number. The employer in each of these cases was not required to accommodate the applicant's religious beliefs as a matter of law because such an accommodation would work an undue hardship on the employer; the employer would be forced to violate federal law. Seaworth, 203 F.3d at 1057; Sutton, 192 F.3d at 830-31. Wal-Mart argues that Vandersand's refusal to dispense Emergency Contraceptives similarly would constitute a violation of the Rule. As such, any accommodation would work an undue hardship on Wal-Mart as a matter of law because Wal-Mart would be forced to violate the Rule.

The Court disagrees. In Sutton and Seaworth, the employer had to secure and report the Social Security number of each employee; there was no other way to comply with federal law. Thus, the courts in those cases could find an undue hardship as a matter of law. In this case, it is unclear at this stage whether Wal-Mart could comply with the Rule, and still accommodate Vandersand's beliefs, without an undue hardship. The Rule requires Division I pharmacies, such as the Pharmacy, to dispense

Emergency Contraceptives without delay. The Rule does not say that each licensed pharmacist must dispense Emergency Contraceptives without delay. Thus, Wal-Mart might have been able to dispense Emergency Contraceptives without delay by other means. For example, another pharmacist at the Pharmacy might have been able to fill such prescriptions. Whether the Pharmacy could provide such an accommodation to Vandersand without incurring more than a <u>de minimus</u> burden is a factual issue.[1] For purposes of a motion to dismiss, however, the Court must assume that Vandersand can prove that an accommodation, such as this, could be made without imposing more than a <u>de minimus</u> burden on Wal-Mart. He, therefore, states a claim.

B. <u>RIGHT OF CONSCIENCE ACT</u>

Vandersand also states a claim under the Right of Conscience Act. The Right of Conscience Act states that:

> It shall be unlawful for any person, public or private institution, or public official to discriminate against any person in any manner . . . because of such person's conscientious refusal to . . . perform, assist, . . . or participate in any way in any particular form of health care services contrary to his or her conscience.

---

[1]Vandersand may also assert some other theory to address issues raised by the Rule. The Court does not intend by its discussion of the possible factual issues to preclude either party from raising other theories or defenses.

745 ILCS 70/5. The Right of Conscience Act defines "health care" and "conscience" as follows:

> (a) "Health care" means any phase of patient care, including but not limited to, testing; diagnosis; prognosis; ancillary research; instructions; family planning, counseling, referrals, or any other advice in connection with the use or procurement of contraceptives and sterilization or abortion procedures; <u>medication</u>; or surgery or other care or treatment rendered by a physician or physicians, nurses, paraprofessionals or health care facility, intended for the physical, emotional, and mental well-being of persons;
>
> . . . .
>
> (e) "Conscience" means a sincerely held set of moral convictions arising from belief in and relation to God, or which, though not so derived, arises from a place in the life of its possessor parallel to that filled by God among adherents to religious faiths;

745 ILCS 70/3(a)&(e) (emphasis added).

Wal-Mart is a private institution. It, thus, may not discriminate against any person because, as a matter of conscience, the person refuses to participate in any way in a form of health care services. Health care includes any phase of patient care, including medication. Vandersand alleges he refused to provide medication, <u>i.e.</u> Emergency Contraceptives, out of a sincerely held moral conviction. The Right of Conscience Act prohibits Wal-Mart from discriminating against him for his refusal to participate in

the dispensing of medication because of his beliefs. Wal-Mart allegedly violated the Right of Conscience Act by placing him on unpaid leave because of his refusal. Vandersand states a claim.

Wal-Mart argues that the Right of Conscience Act is limited to treatment rendered by physicians, nurses, paraprofessionals or health care facilities. Wal-Mart pulls this language from the last clause of the definition of "health care," quoted above. That last clause refers to "surgery or other care or treatment". The limiting language on which Wal-Mart relies, thus, applies only to surgery or other care or treatment. The limiting language does not apply to the other matters listed in the definition of health care, such as "ancillary research", "family planning", and "medication." Providing medication, therefore, constitutes health care services. Any person, including Vandersand, who refuses to participate in any way in providing medication because of his conscience is protected by the Right of Conscience Act.

Wal-Mart also argues that the Right of Conscience Act is also limited to "health care personnel" as defined in the statute. However, the anti-

discrimination provisions are not limited to health care personnel.[2]  As quoted above, the Right of Conscience Act prohibits discrimination against any "person."

Wal-Mart also appeals to legislative history of the 1997 amendments to the Right of Conscience Act, and other legislative efforts in 2006.  The Courts of Illinois do not resort to aids for construction, such as legislative history, when the language of a statute is clear.  <u>Illinois Graphics Co. v. Nickum</u>, 159 Ill.2d 469 479, 639 N.E.2d 1282, 1287 (Ill. 1994).  Here, the language is clear.  Health care includes any phase of patient care, and specifically includes medication.  The Court has no need to resort to legislative history to understand the plain meaning of this definition.  The statute prohibits discrimination against any person for refusing to provide health care service because of his conscience.  The Court does not need to resort to legislative history to understand that the statute protects any person. Vandersand alleges that he refused to provide medication because of his conscience; Wal-Mart knew that he refused to provide medication

---

[2] Even if the Right of Conscience Act applied only to health care personnel, it would still protect Vandersand.  "Health care personnel" includes anyone who furnishes or assists in the furnishing of health care services.  745 ILCS 70/3(c).  As noted above, health care includes the furnishing of medication.

because of his conscience, and Wal-Mart placed him on unpaid leave because of his act of conscience. Vandersand states a claim.

C. STAY REQUEST

In the alternative, Wal-Mart asks the Court to stay this matter until another matter before this Court, Menges v. Blagojevich, is resolved. C. D. Ill. Case No. 05-3307. The plaintiffs in Menges allege that the Rule violates the free exercise clause of the First Amendment and is preempted by Title VII. Wal-Mart argues that staying this matter until those claims are resolved would promote judicial economy. The Court does not see a reason to stay these proceedings. This case involves different parties with different facts, and any decision in Menges would not be binding on the parties here. The Court, therefore, does not believe that delaying this matter would promote judicial economy. The request for a stay is denied.

THEREFORE, Wal-Mart Stores, Inc.'s Motion to Dismiss Complaint or Stay Proceedings (d/e 6) is DENIED. Wal-Mart is directed to answer the Complaint by August 24, 2007. The parties are thereafter referred to U.S. Magistrate Judge David Bernthal for a Rule 16 scheduling conference.

IT IS THEREFORE SO ORDERED.

ENTER: July 31, 2007.

FOR THE COURT:

                                                s/ Jeanne E. Scott
                                               JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE